NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3019
_____

KARL HENRY MARSHALL BASTIEN, a/k/a Jean Marshall,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-585-002)
Immigration Judge:  John B. Reid
_____

ARGUED
October 21, 2014

Before: AMBRO, FUENTES, and NYGAARD, *Circuit Judges*

(Opinion filed: April 24, 2015)

Anne M. Coyle, Esq. (Argued)
Gibson Dunn
200 Park Avenue, 47th Floor
New York, NY 10166
        *Counsel for Petitioner*

Jeffrey Bernstein, Esq.
Sharon M. Clay, Esq. (Argued)
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878

Ben Franklin Station
Washington, DC 20044
       *Counsel for Respondent*

_____

OPINION[*]

_____


NYGAARD, *Circuit Judge.*

Karl Bastien petitions for review of the Board of Immigration Appeals' order

dismissing his appeal. He contends the Board erred by affirming the Immigration

Judge's decision to deny withholding of removal (8 U.S.C. § 1231(b)(3)(A)) and

protection under the Convention Against Torture (8 C.F.R. §1208.16(c)(2)). Bastien

claims that the Immigration Judge failed to consider critical evidence and that his ruling

was based upon numerous errors. We will deny the petition.

The Government argues that we do not have jurisdiction to consider Bastien's

petition because he is convicted of an aggravated felony and our review is, therefore,

limited to constitutional issues and questions of law. *Toussaint v. Gonzales*, 455 F.3d

409, 412, n.3 (3d Cir. 2006). Bastien maintains the Immigration Judge's handling of the

case raised a number of questions of law. Although we ultimately do not agree that the

Immigration Judge made any legal errors, we agree (as is evident in the discussion that

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

follows) that Bastien's petition raises questions of law that give us jurisdiction to rule on them.[1]

According to Bastien, when the Immigration Judge analyzed his withholding of removal claim, he wrongly required direct evidence—rejecting his circumstantial evidence—on the motive and identity of persons who attacked his family members. *See Espinosa-Cortez v. Attorney Gen. of United States*, 607 F.3d 101, 108-9 (3d Cir. 2010). He also contends that the Immigration Judge erred by refusing to impute his family's political opinions to him as a basis for the likelihood of persecution. *See Dia v. Ashcroft,* 353 F.3d 228, 255 (3d Cir. 2003). The record does not support any of this.

Bastien and his witnesses alleged that the perpetrators of five violent crimes against his family, all occurring over a span of nine years, were "zinglindou:" a gang in Haiti who attacks former associates of the Duvalier regime for political revenge. However, neither Bastien nor any of the witnesses grounded their opinion of who was responsible, or the reason for the attacks, in any evidence. The Immigration Judge did not demand that Bastien provide direct evidence of the identity and motives of the attackers. Rather, he was properly requiring more than conjecture to show that the attacks were political retribution as opposed to random criminal violence. Such evidence was necessary to support a ruling that Bastien was likely to be persecuted if returned to Haiti. The Immigration Judge properly judged Bastien's reliance both on the cumulative impact of five separate attacks over nine years, and on new evidence offered on remand

---

[1]Since this opinion does not have any precedential value our discussion of this case, which has a complicated procedural history, is limited to covering only what is necessary to explain our decision to the parties.

3

(concerning his father's prominence in the Duvalier regime and the murder of his cousin) as inadequate to meet his evidentiary burden.[2]

Bastien also claims that the Immigration Judge erred by refusing to impute the political views of his family to him. However, we conclude that this allegation is inaccurate and largely immaterial to the decision on his claim, since he did not first establish that any violence had resulted from these views. The Board correctly decided that the Immigration Judge got it right. Bastien's request for withholding of removal failed because a mere belief that zinglindou are responsible for the past violence to his family is not enough to ground his claim that he is likely to be persecuted—or that his life or freedom would be threatened—because of his family identity if returned to Haiti.[3]

Bastien next argues that the Board wrongly affirmed the Immigration Judge's denial of his claim for relief under the Convention Against Torture. Specifically, Bastien claims that the Board should have reversed the Immigration Judge's decision because he did not comply with the regulation that "all evidence relevant to the possibility of future torture shall be considered." 8 C.F.R. § 208.16. He contends that the Immigration Judge

---

[2] Bastien applied for asylum, withholding from removal and relief under the Convention Against Torture in 2003. In 2006, the Court of Appeals for the Second Circuit vacated the Board's denial of his appeal, and remanded the case, incorporating a stipulation by the parties that the Immigration Judge made three legal errors in his decision. Upon Bastien's request, the case was transferred to the Immigration Court in Philadelphia, PA.

[3] In his oral decision, the Immigration Judge addressed the remand's stipulations of error in his prior decision by: holding an evidentiary hearing; addressing the new evidence offered by Bastien; and, by explaining that he was not ruling evidence of violence against family members inadequate because they bore a different last name. Instead, his ruling was based on the lack of evidence establishing a connection between the violence and political retribution.

ignored a State Department Country Report and evidence offered by an expert. We do not find any support for Bastien's assertion.

The Immigration Judge is required to consider all evidence relevant to torture. But, as we have repeatedly said, we do not require Immigration Judges to discuss every facet of the record in their decisions. *Green v. Attorney General of the United States*, 694 F.3d 503, 509 (3d Cir. 2012). In his oral decision, the Immigration Judge explicitly referred to both the Report and the expert's testimony and declarations. He said that evidence Bastien proffered documented that conditions in Haitian prisons in 2010 were harsh. He also knew that Haitian authorities were detaining some repatriated citizens with criminal records upon their reentry to the country, and said that some of these persons alleged "corruption, widespread discrimination and social abuse after returning home." A.R. 105. However, he commented that none of this evidence related to conditions post-earthquake. Further, he said that, according to the State Department Country Report, the length of the detention for criminal deportees had been substantially shortened. Finally, he highlighted the expert's status as a paid witness, the frequency of her testimony in other cases, and her political agenda, signaling that he would weigh the evidence she offered with all of this in mind. The Board determined that the Immigration Judge was well within his discretion to give the expert's testimony limited weight because of this.

All of this convinces us that the Immigration Judge considered the entire record before him and made a decision by weighing all credible evidence relevant to Bastien's claim for relief under the Convention. We do not second-guess his decision to give the

5

expert's testimony limited weight, and we reject Bastien's attempt to describe the Immigration Judge's use of this discretion as a failure to consider this portion of the record.[4] The Board did not err by affirming the Immigration Judge's conclusion that Bastien did not meet his evidentiary burden, which was to establish the likelihood that Haitian authorities intended to imprison him upon his reentry to the country for the purpose of torturing him, or to enable others to do so.[5]

For all of these reasons, we will deny the petition for review.

---

[4] To the extent Bastien seeks CAT relief on the ground that he would be targeted for torture in prison specifically because he is from a family tied to the Duvalier regime, i.e., a variant of the same argument he raised in connection with withholding of removal, our determination that the IJ properly required more than conjecture disposes of the claim. We are not persuaded that the IJ misconstrued or failed to address this argument; rather the IJ considered all evidence relevant to torture (including evidence about Bastien's family ties) before denying his CAT claim.

[5] The Board noted that Bastien's failure to produce evidence of the likelihood of torture obviated the need to address the issue of whether the government was unwilling or unable to control non-governmental groups who would torture Bastien. This addressed a stipulation in its prior remand on the Immigration Judge's error in his first decision regarding the legal significance of a government's failure or unwillingness to control non-governmental groups who would inflict harm.

AMBRO, Circuit Judge, dissenting:

Although much of the majority's opinion is indisputably correct, I disagree in one important respect and thus respectfully dissent. I agree that the Immigration Judge (IJ) and Board of Immigration Appeals (BIA) properly considered all the evidence Bastien submitted in support of his contention that if he returned to Haiti he would be persecuted. I believe, however, that the BIA and the IJ misconstrued Bastien's argument with respect to the Convention Against Torture (CAT), rendering their decision inadequate for meaningful appellate review.

As the majority notes, our jurisdiction in this matter is limited. Because Bastien is a "criminal alien" within the meaning of the Immigration and Nationality Act, we lack jurisdiction to review whether the BIA and the IJ's ultimate findings of fact are correct. Nevertheless, "where the BIA is alleged to have made a . . . determination based on an erroneous legal standard or on fact-finding which is flawed by an error of law, our jurisdiction to review that determination is secure." *Pareja v. Attorney Gen. of U.S.*, 615 F.3d 180, 188 (3d Cir. 2010) (internal quotation marks and citation omitted). And, crucially here, we may vacate and remand a BIA decision when its analysis "fail[s] to attend to [a petitioner's] actual argument." *Roye v. Att'y Gen. of U.S.*, 693 F.3d 333, 342 (3d Cir. 2012). This is because a decision that erroneously evaluates a claim is

1

inadequate for the meaningful appellate review to which a putative deportee is entitled. *See Cruz v. Attorney Gen. of U.S.*, 452 F.3d 240, 242–43 (3d Cir. 2006) ("Without the BIA's view as to whether Cruz still has the requisite 'conviction' under the INA for his removal, we cannot determine our own jurisdiction.").

Before the BIA and the IJ, Bastien made two arguments that the CAT bars his removal. The first is that, upon his return to Haiti, he would suffer from the same extraordinary violence that has plagued his family (five and possibly six family members have been murdered). The BIA and the IJ denied him relief on this ground because Bastien failed to demonstrate state involvement in the murders, and thus he did not produce evidence from which the BIA and the IJ could infer that Bastien would be tortured. We lack jurisdiction to review this finding of fact, and I agree with my colleagues' disposition of this argument. 8 U.S.C. § 1252(a)(2)(C) & (D).

I part ways with them, however, as to Bastien's second argument, which neither the IJ nor the BIA addressed. Bastien also argued that, when he is returned to Haiti, he will be put in prison as a criminal deportee, and officials at the prison will single him out for mistreatment rising to the level of torture based on the perception both of his support for the Duvalier regime and of his wealth.

The majority apparently understands Bastien to argue that the BIA and the IJ failed to consider all the relevant *evidence* that he would be tortured. He does raise that argument, and I agree with the majority that it fails. But Bastien also argues that the BIA

2

and the IJ "failed to meaningfully *analyze* [his] *legal arguments* with respect to his CAT claims." Br. at 29 (emphasis added). This is different from his failure-to-consider-evidence claim, and to me it should be a winner.

Bastien correctly informs us that, in his submissions to the BIA and the IJ, he contended he would be "singled out" and "target[ed] for abuse" because of his perceived support for Duvalier and his perceived wealth. *Id.* at 30–31 & n.2. There can be no question he presented this argument to the IJ:

> [T]he government has singled out Duvalierists for prolonged detention . . . . [T]he police and immigration officials will be on the look out [*sic*] for Duvalierists among the criminal deportees . . . . In addition, the police are likely to assume that Mr. Bastien has access to American money and will thus use whatever means are necessary, including starvation and beatings, to extort money from him.

*In re: Karl Henry Marshall Bastien*, No. A-41-585002, Bastien's Pre-hearing Br. at 22–25 (Mar. 9, 2009). And he made the argument to the BIA as well:

> The IJ relied on the holding in *Pierre v. Att'y Gen. of U.S.*, 528 F.3d 180 (3d Cir. 2008) that "it is not torture for the Government of Haiti to detain criminal detainees without a specific intent to torture them." April 11, 2011 Decision at 9. However, . . . Respondent's claim for relief under CAT was based in part on his well-supported claims that he would be subjected to abuse rising to the level of torture *specifically* because he is a member of the Bastien-LaCroix family. . . .

*In re: Karl Henry Marshall Bastien*, No. A-41-585-002, Memorandum of Law in Support of Respondent's Appeal from Decision of the Immigration Judge at 22 (Sept. 21, 2011) (emphasis in original).

As Bastien argues to us (and as he argued to the BIA), the IJ misconstrued this claim as an argument that Haitian prison conditions in themselves are so severe as to

3

inflict torture within the meaning of the CAT, and the IJ rejected it, relying on our precedent. *In re: Karl Henry Marshall Bastien*, No. A-41-585-002, Oral Decision of the Immigration Judge at 8–9 (citing *Pierre*, 528 F.3d at 189 ("The lack of medical care and likely pain that Pierre will experience is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons, which exist because of Haiti's extreme poverty. We find that this unintended consequence is not the type of proscribed purpose contemplated by the CAT.")). The BIA affirmed this holding without additional analysis.

By misconstruing Bastien's legal argument about what would happen to him in prison—that he was entitled to relief under the CAT because he would be singled out for torture because of his family and perceived wealth—the conclusion of the BIA and the IJ that he had failed to demonstrate a likelihood of torture was "flawed by an error of law," *Pareja* at 188, specifically a misunderstanding of what Bastien was arguing. The record is thus inadequate for meaningful appellate review of whether the BIA and the IJ properly applied the CAT to Bastien's claim.

Nor can the BIA and the IJ's failure to address the argument Bastien actually made be considered harmless error. To the contrary, the misconstruction of Bastien's significant and clearly presented claim calls into question whether Bastien received a meaningful hearing before the BIA or the IJ. Thus I would grant the petition for review with respect to Bastien's CAT claim.

In this context, I respectfully dissent in part.